UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TIMOTHY M. POFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:15-cv-00405-LJM-MJD |
| | ) | |
| QUICK PICK, LLC, and | ) | |
| AHMED SHAKER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **ORDER**

On October 27, 2016, a Clerk's Entry of Default was entered against Quick Pick LLC. Dkt. No. 33. On April 18, 2017, the parties appeared for a hearing, with counsel, on Plaintiff Timothy M. Poff's ("Poff's") Amended Motion for Default Judgment and Motion for Hearing on Damages against Defendant Quick Pick LLC. Dkt. No. 39. Poff and Defendant Ahmed Shaker, principal of Quick Pick, testified at the hearing. For the reasons stated herein, default judgment in the amount of $xxxxx.xx in favor of Poff is appropriate.

## **I.** **FINDINGS OF FACT**[1]

An entry of default having been entered, the following facts in the Amended Complaint are taken as true, or are found by the Court after the hearing.

---

[1] Where appropriate or necessary, each of the following Findings of Fact shall be considered Conclusions of Law, and each of the following Conclusions of Law shall be considered Findings of Fact.

Quick Pick is a convenience store and novelty business with locations in Indiana. Am. Compl. ¶ 2. On or about April 1, 2015, Poff was hired to work for Quick Pick as a cashier at its location in the Honey Creek Square mall in Vigo, County, Indiana. *Id.* ¶¶ 2 & 3. Shaker is the owner/primary member of Quick Pick, LLC, and has operational control over the company, its practices and its employees. *Id.* ¶ 4.

Quick Pick paid Poff at the rate of $7.50 per hour. *Id.* ¶ 5. Poff was employed on a part-time basis, however, he was scheduled to work six days per week, Monday through Saturday. *Id.* When Poff was scheduled to open the store, Quick Pick required Poff to report to work a half-hour (30 minutes) prior to the store's official opening time of 10:00 a.m. *Id.* At the hearing, Poff entered into evidence a text message from Shaker that told Poff to report to work a half-hour prior to opening "as usual," even though the store was opening an hour earlier for the holidays. Pl.'s Ex. 1. This evidence supported Poff's testimony that it was the business practice of Quick Pick to have employees arrive 30 minutes prior to opening. In addition, Poff was required to work some time beyond his shift on occasion. Am. Compl. ¶ 5. However, Quick Pick would only pay Poff for three hours of work per day, the time between the official opening time for the store and the end of Poff's scheduled shift. *Id.* Therefore, over an 18-hour work week, Quick Pick underpaid Poff's hourly wages and Poff's effective rate of pay was less than the FLSA and Indiana minimum wage of $7.25 per hour. *Id.* Quick Pick failed and refused to pay Poff for between three and five hours of actual work time each week from April 1, 2015, to the time it suspended Poff from work in January 2016. *Id. See also* Pl.'s Exs. 3, 4 & 5. There was no evidence presented by Shaker at the hearing to refute Poff's claim that he was underpaid by this amount each and every week of his employment. Shaker

specifically denied having any of his records with him on the day of the hearing despite having notice of the purpose of the hearing and being represented by counsel.

On December 11, 2015, Poff filed the Complaint that started this lawsuit alleging that Quick Pick and Shaker violated the Fair Labor Standards Act ("FLSA"), the Indiana Minimum Wage Law of 1965, Ind. Code § 22-2-2-3, and the Indiana Statutory Wage Payment Statute, Ind. Code § 22-2-5. Dkt. No. 1. On January 1, 2016, Shaker, acting on behalf of Quick Pick, told Poff that he was suspended from work effective Monday, January, 4, 2016, and that Shaker would let him know in one week whether or not Poff's employment would be terminated. Am. Compl. ¶ 7. Shaker specifically and expressly told Poff that the reason for the suspension was Poff's lawsuit against him and Quick Pick. *Id.* On Saturday, January 9, 2016, Shaker contacted Poff and told him that his employment was terminated. *Id.* ¶ 8. This is direct evidence of retaliation for filing this lawsuit. No evidence or testimony was presented at the hearing that contradicts this fact.

On January 11, 2016, Poff filed his Amended Complaint adding a claim for retaliation under the FLSA. *Id.* ¶¶ 22-23.

On December 15, 2016, Poff was hired part-time to do janitorial work at the Masonic Lodge in Terre Haute, Indiana; therefore, it took him 50 weeks to replace his part-time job at Quick Pick. Pl.'s Ex. 5. Poff's lost wages during that period total $7,500.00. *Id.*

## II. CONCLUSIONS OF LAW

Quick Pick is an employer and/or a person as those terms are defined by the FLSA. 29 U.S.C. § 203. During his employment at Quick Pick, Poff qualified as an employee as that term is defined by the FLSA. 29 U.S.C. §§ 203 & 213.

Quick Pick violated the FLSA by failing to pay Poff for actual hours worked at a minimum daily wage. 29 U.S.C. § 206. For this violation, Quick Pick is liable to Poff for the amount of his unpaid minimum wages, which amounts to $1,561.74, and an additional equal amount as liquidated damages, for a total of $3,123.48 in damages for violation of the minimum wage section of the FLSA. Pl.'s Ex. 4; 29 U.S.C. § 216(b). Quick Pick violated the FLSA by terminating Poff's employment because he filed this lawsuit. 29 U.S.C. 215(a)(3). For this violation, Quick Pick is liable to Poff for the payment of wages lost in the amount of $7,500.00 and an additional equal amount as liquidated damages, for a total of $15,000.00 in damages for retaliatory discharge under the FLSA. Pl.'s Ex. 5; 29 U.S.C. § 216(b). There is no indication in the text of the FLSA that would limit Poff's recovery to one or the other type of damages under the FLSA; therefore, the Court concludes that Poff is entitled to recover a total of $18,123.48 from Quick Pick for violation of the FLSA. In addition, under the FLSA, Poff is entitled to recover his attorney's fees and costs. 29 U.S.C. § 216(b).

Poff's case under Indiana law is not quite as clear cut, but, because at the time he filed suit Poff was still employed by Quick Pick, the Court concludes that he may proceed under the Indiana Wage Payment Statute as he plead. *See Treat v. Tom Kelley Buick Pontiac GMC, Inc.*, 646 F.3d 487, 491-92 (7th Cir. 2011) (discussing *Hollis v. Defender Security Co.*, 941 N.E.2d 536, 539-40 (Ind. Ct. App. 2011) (concluding that the employee's status at the time the claim is filed determines the operative statute)). Quick Pick is an employer as that term is defined by the Indiana Wage Payment Statute. Ind. Code § 22-2-2-3. Under the Wage Payment Statute, Quick Pick must pay Poff for the hours he worked at his hourly rate of pay and the failure to do so is a violation of the

statute.  Ind. Code § 22-2-5-1.  Quick Pick failed to pay Poff for 3.0 hours, for 39 weeks, for a total of $877.50 in actual damages.

Under the Wage Payment Statute, if the Court determines that Quick Pick was not acting in good faith, then it must order Quick Pick to pay, as liquidated damages, "an amount equal to two (2) times the amount of wages due the employee."  Ind. Code § 22-2-5-2.  Here, Poff provided evidence that Quick Pick requested that he report for work 30 minutes prior to his shift to open to the store, but failed to pay him for that time additional time worked.   In addition, the evidence showed that this was Quick Pick's usual expectation.  Pl.'s Ex. 1.  Quick Pick provided no justification for its failure to pay this amount; therefore, the Court concludes that Quick Pick acted in bad faith when it failed to pay Poff for actual hours worked.  Pursuant to Indiana Code § 22-2-5-2, Poff is entitled to $1,755.00 in liquidated damages, for a grand total of $2,632.50 in damages under the Indiana Wage Payment Statute.  The statute also allows Poff to recover his reasonable attorney's fees and costs.  Ind. Code § 22-2-5-2.

At the hearing, Poff conceded that it is unclear whether or not he may recover under both the FLSA and the Wage Payment Statute; and expressly stated that, if he needed to elect a remedy, he would choose to recover under the FLSA because of the damages available for retaliation under that statute.  Moreover, Poff is entitled to his reasonable attorney's fees and costs under either rubric.

### III.  CONCLUSION

For the reasons stated herein, the Court concludes that Plaintiff Timothy M. Poff is entitled to default judgment against Quick Pick, LLC, on his claim under the FLSA and is entitled to recover $18,123.48 in compensatory and liquidated damages, plus his

5

reasonable attorney's fees and costs. Although Defendant Quick Pick, LLC, appeared at the hearing on this matter and offered no just reason for delay in entering partial judgment, the Court hereby Orders Quick Pick, LLC, to **SHOW CAUSE on or before May 12, 2017**, why the Court should delay in entering partial judgment pursuant to Federal Rule of Civil Procedure 54(b).

IT IS SO ORDERED this 27th day of April, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

John H.N. Claussen
CLAUSSEN LAW OFFICE
john@claussenlawfirm.com

Robert Peter Kondras, Jr.
HUNT HASSLER KONDRAS &
MILLER LLP
kondras@huntlawfirm.net