UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TIMOTHY M. POFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:15-cv-00405-LJM-MJD |
| ) | |
| QUICK PICK, LLC, and ) | |
| AHMED SHAKER, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON MOTION TO DISMISS

This matter is before the Court on Defendant Ahmed Shaker's Motion to Dismiss the allegations against him in Plaintiff Timothy Poff's Amended Complaint.[1] Dkt. 69. Poff, who worked for Quick Pick, has alleged that both Quick Pick and Shaker are liable for damages under the Fair Labor Standards Act of 1938 ("FLSA") by requiring him to work an additional thirty minutes before each of his shifts and for failing to pay him for this time. Dkt. 6. Shaker seeks dismissal from the suit in his individual capacity and argues that only Quick Pick may be responsible for any FLSA claims sought by Poff. Dkt. 80. For the reasons set forth below, Shaker's Motion to Dismiss is **DENIED**.

---

[1] Shaker originally filed this motion as a "Request to be Immediately Dismissed." Dkt. 69. Poff assumed that Shaker meant to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Dkt. 78 at 1. Shaker did not dispute this contention in his reply brief. Dkt. 80. Accordingly, the Court treats this filing as a Motion to Dismiss pursuant to Rule 12(b)(6).

## I. BACKGROUND

The facts in this matter are not in dispute.[2]  Quick Pick is a convenience store and novelty business with locations in the State of Indiana.  Dkt. 6, ¶ 2.  On April 1, 2015, Quick Pick hired Poff as a cashier at its location in the Honey Creek Square Mall in Vigo County, Indiana.  Dkt. 6, ¶¶ 2-3.  Quick Pick paid Poff $7.50 per hour.  Dkt. 6, ¶ 5.  Poff was a part time employee but worked six days per week.  Dkt. 6, ¶ 5.  Quick Pick paid Poff for three hours of work, but required Poff to report to work thirty or more minutes early each work shift and sometimes required him to work past the time that his shift ended.  Dkt. 6, ¶ 5.  Quick Pick has failed and refused to pay Poff for the time he worked beyond the three hour shifts.  Dkt. 6, ¶ 5.

On December 11, 2015, Poff filed his original Complaint for Damages dkt. 1, at which time he was still employed by Quick Pick.  Dkt. 6, ¶ 2.  Quick Pick, acting through Shaker, retaliated against Poff for filing the lawsuit by suspending him on January 1, 2016, and terminated his employment on January 9, 2016.  Dkt. 6, ¶ 2.  Shaker specifically and expressly told Poff that the reason his employment was terminated was because of the lawsuit filed against him and Quick Pick.  Dkt. 6, ¶ 7.  Shaker personally contacted Poff to terminate his employment.  Dkt. 6, ¶ 8.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted."  When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the relevant complaint and draws all reasonable inferences in favor of the plaintiff.  *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir.

---

[2] Shaker attempts to use his reply brief to assert facts to establish that neither he nor Quick Pick could be liable for Poff's FLSA claims.  Given the posture at this stage in the proceedings, *see supra*, pt. II, the Court will only consider those facts asserted in Poff's Amended Complaint and disregards all superfluous facts asserted by Poff in his reply brief.

2008). However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.; see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

Shaker moves to dismiss this action on the sole ground that an individual cannot be held liable for the actions of an LLC. Shaker claims, without any citation to legal authority, that the "main reason people form LLC's is to avoid personal liability for the debts of a business they own or are involved in. By forming an LLC, only the LLC is liable for the debts and liabilities incurred by the business." Dkt. 69. Shaker alleges that Quick Pick was the employer of Poff at the time of the alleged FLSA violations and therefore only it can be held responsible. Shaker fails to

distinguish the rule, however, that "[i]f directors or officers or other employees have such control over the corporate entity that their decisions determine whether a violation occurs, then the [FLSA] considers them employers liable for the harm they cause." *Dole v. Simpson*, 784 F. Supp. 538, 544 (S.D. Ind. 1991) (citing *Riordan v. Kempiners*, 831 F. 2d 690, 694 (7th Cir. 1987)).  It has been consistently recognized by the district courts of this circuit that a corporate officer with operational control over an employee is considered an employer together with the corporation, jointly and severally liable for unpaid wages under the FLSA.  *See, e.g.*, *Natal v. Medistar*, 221 F. Supp. 3d 999, 1003 (N.D. Ill. 2016); *White v. Classic Dining Acquisition Corp.*, No. 1:11-cv-712-JMS-MJD, 2012 WL 1252589 at *3 (S.D. Ind. April 13, 2012); *Kelley v. Stevens Auto Sales*, No. 3:08-CV-261 JVB, 2009 WL 2762765, at * 3 (N.D. Ind. Aug. 27, 2009); *Morgan v. SpeakEasy LLC*, No. 05 C 5795, 2007 WL 2757170, at *11 (N.D. Ill. Sept. 20, 2007); *Simpson*, 784 F. Supp. at 546.  The definition of an employer includes "a supervisor who uses his authority over the employees whom he supervises to violate their rights under the FLSA." *Luder v. Endicott*, 253 F.3d 1020, 1022 (7th Cir. 2001).  Thus, the "FLSA will apply to a defendant if he or she possesses control over the aspect of employment alleged to have been violated even if the defendant does not exercise control over the day-to-day affairs of the employer." *Natal*, 221 F. Supp. 3d at 1003 (citation omitted).

In the instant case, Poff has alleged that "Ahmed Shaker is definitely the person with operational control over Quick Pick, its employees, and its unlawful wage practices." Dkt. 6, ¶ 4. Moreover, Poff alleged that "Quick Pick, acting through Defendant Ahmed Shaker, retaliated against Poff and ultimately fired Poff because of Poff's protected activity under the FLSA." Dkt. 6, ¶ 7. Given these assertions against Shaker, Poff has adequately pleaded that Shaker was an employer that violated Poff's FLSA rights.  Accordingly, Shaker's Motion to Dismiss is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Defendant Ahmed Shaker's Motion to Dismiss dkt. [69] is **DENIED**.

IT IS SO ORDERED.

Date: 9/27/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

QUICK PICK, LLC
3401 S US HWY 41
Suite J-30
Terre Haute, IN 47802

AHMED SHAKER
6424 Allendale Blvd.
Terre Haute, IN 47802

Robert Peter Kondras, Jr.
HUNT HASSLER KONDRAS & MILLER LLP
kondras@huntlawfirm.net