UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TIMOTHY M. POFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-00405-JMS-MJD |
| | ) | |
| QUICK PICK, LLC, | ) | |
| AHMED SHAKER, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY**

A bench trial in this employment wage and retaliation case is scheduled for November 13, 2018 in Room 307, U.S. Courthouse, 46 E. Ohio Street, Indianapolis, Indiana 46204.[1] Following a status conference, the Court ordered the parties to submit trial briefs discussing the issues remaining for trial and the preclusive effect of the Court's earlier rulings involving Quick Pick, LLC. The parties have submitted their briefs, [Filing No. 93; Filing No. 94; Filing No. 95; Filing No. 96], and this entry sets forth the Court's determination as to the scope of the upcoming bench trial.

**I.**
**PROCEDURAL HISTORY**

In brief, Mr. Poff filed his operative Amended Complaint in January 2016, alleging that his now-former employer underpaid his wages and then retaliated against him by firing him when he brought suit. Specifically, Mr. Poff sued both Quick Pick (his former employer) and Mr. Shaker (his former supervisor and the owner of Quick Pick) under the Fair Labor Standards Act ("FLSA")

---

[1] By separate entry the Court is moving the start time of the trial to 9:30 a.m.

and the Indiana Minimum Wage Law ("IMWL"), and sued Quick Pick under the Indiana Wage Payment Statute ("IWPS"). [Filing No. 6.]

On October 26, 2016, the Court defaulted Quick Pick for failure to appear by counsel. [Filing No. 32.] On April 27, 2017, following a hearing at which both Mr. Shaker and Quick Pick appeared in person and by counsel, [*see* Filing No. 54], Judge Larry J. McKinney issued an Order granting Mr. Poff's motion for default judgment against Quick Pick in the amount of $18,123.48. [Filing No. 57.] The Court subsequently entered final judgment as to Quick Pick, [Filing No. 60], and awarded Mr. Poff $15,195 in attorney's fees and costs, [Filing No. 61]. Mr. Shaker has proceeded *pro se* since his counsel withdrew on August 7, 2017. [Filing No. 73.]

All that remains in this case is the pending trial on Mr. Poff's allegations that Mr. Shaker should be held jointly and severally liable for the judgment entered against Quick Pick. The issue of the scope of this upcoming trial is now ripe for determination.

## II.
### DISCUSSION

As described in Mr. Poff's trial brief, four claims remain against Mr. Shaker: failure to pay minimum wages under the FLSA, retaliation under the FLSA, failure to pay minimum wages under the IWML, and failure to pay minimum wages under the IWPS. [Filing No. 93.] The Court first sets forth the elements of these claims before discussing Judge McKinney's earlier orders and their effect on the upcoming trial.

### A. Minimum Wage Claims

Mr. Poff asserts related claims for underpayment of wages under the FLSA, IWML, and IWPS. To prevail under the FLSA, Mr. Poff must demonstrate that he was "employed in an enterprise engaged in commerce" and that his "employer" paid him less than $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). The FLSA defines an "enterprise engaged in commerce," in relevant part,

as "an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . ." *Id.* § 203(s)(1)(A)(ii). The FLSA further defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d). Among other fact-specific situations, "[p]ersonal liability may arise from a significant ownership interest in the corporation coupled with operational control of significant aspects of the corporation's day-to-day functions." *Dole v. Simpson*, 784 F. Supp. 538, 545 (S.D. Ind. 1991) (Tinder, J.) (citing *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 966 (6th Cir. 1991)); *see also Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 646 (N.D. Ill. 2007) (collecting cases).

Similarly, the IMWL requires that "every employer employing at least two (2) employees during a work week shall . . . pay each of the employees in any work week . . . wages of not less than the minimum wage payable under the federal [FLSA]." Ind. Code § 22-2-2-4(h). However, the IWML does not apply when the FLSA minimum wage provision applies, as the statute defines an "employer" as "any individual, partnership, association, limited liability company, [or] corporation," excluding "any employer who is subject to the minimum wage provisions of the federal FLSA." *Id.* § 22-2-2-3; *cf. Wharton v. Furrer*, 620 F. App'x 546, 549 (7th Cir. 2015) (noting that evidence of operational control and ownership are "consistent with the activities of an individual employer" and are therefore relevant under the IWML); *Meyers v. Meyers*, 861 N.E.2d 704 (Ind. 2007) (holding that resolution of issue of whether individuals were co-employers of plaintiff required factual record).

Finally, the IWPS provides: "Every person, firm, corporation, limited liability company, or association, their trustees, lessees, or receivers appointed by any court, doing business in Indiana, shall pay each employee at least semimonthly or biweekly, if requested, the amount due the employee." Ind. Code § 22-2-5-1(a). "Every such person, firm, corporation, limited liability

company, or association who shall fail to make payment of wages to any such employee as provided in section 1 of this chapter shall be liable to the employee for the amount of unpaid wages . . . ." *Id.* § 22-2-5-2. If the "person . . . that failed to pay the employee . . . was not acting in good faith, the court shall order, as liquidated damages for the failure to pay wages, that the employee be paid an amount equal to two (2) times the amount of wages due the employee." *Id.*

### B. FLSA Retaliation Claim

The FLSA's retaliation provision is more expansive than the FLSA's minimum wage provision, providing that it is "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA.]" 29 U.S.C. § 215(a)(3). Unlike the minimum wage provision, the reference to "any person" does not limit the potential defendants to "enterprises that . . . do $500,000 in gross annual sales." *Sapperstein v. Hager*, 188 F.3d 852, 856 (7th Cir. 1999). Rather, in the context of this matter, Mr. Poff bears the burden of demonstrating that Mr. Shaker retaliated against him on the basis of a "protected activity," which is one that "provides the employer with 'fair notice' that the employee is invoking rights under the FLSA." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 703 F.3d 966, 975 (7th Cir. 2012).

### C. Issues Remaining for Trial

The parties disagree on the issues remaining for trial following Judge McKinney's default judgment order as to Quick Pick. First, Mr. Poff contends that Judge McKinney conclusively found that Mr. Shaker suspended and terminated Mr. Poff because of his FLSA lawsuit, in violation of the FLSA retaliation provision. [Filing No. 93 at 2-4.] Second, Mr. Poff argues that the parties fully litigated the number of hours Mr. Poff worked and the damages he should be awarded. [Filing No. 93 at 6-7.] According to Mr. Poff, all that remains for trial is whether Mr.

Shaker is liable as an "employer" under either the FLSA or IWML wage provisions and whether Mr. Shaker is a "person" who owes unpaid wages under the IWPS. [Filing No. 93 at 4-6.]

Mr. Shaker does not address Mr. Poff's arguments, but instead argues that he should be allowed to relitigate any and all issues because his previous attorney was ineffective and because of his need for an interpreter. [Filing No. 94; Filing No. 95.]

In reply, Mr. Poff reiterates his arguments on issue preclusion. Mr. Poff further argues that Mr. Shaker has no right in a civil matter either to effective counsel or to an interpreter. [Filing No. 96.]

From the outset, as the Court explained in its Order dated October 12, 2018, parties to civil cases do not have constitutional or statutory rights to court-provided counsel or interpreters. [Filing No. 102.] Given that there is no right to appointed counsel in a civil case, it is also "quite clear that there is no Sixth Amendment right to effective assistance of counsel in a civil case." *Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001). Neither Mr. Shaker's alleged language difficulties nor his allegations of deficient legal representation entitle him to relitigate any issues conclusively decided at the damages hearing. *Cf. id.* ("[I]t is well established that an attorney's shortcomings do not entitle his client to a new trial in a civil case.").

Turning to Mr. Poff's arguments, Mr. Poff correctly identifies the doctrine of issue preclusion as providing the relevant standards for determining any preclusive effect of Judge McKinney's Order from the damages hearing. As the Supreme Court has observed, "While the technical rules of preclusion are not strictly applicable in the context of a single ongoing original action, the principles upon which these rules are founded should inform our decision" as to the appropriate preclusive effect of an interlocutory decision or partial judgment. *Arizona v. California*, 530 U.S. 392, 410 (2000) (internal quotation and alterations omitted). "Under federal

law, the doctrine of issue preclusion bars relitigating factual or legal issues if '(1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was fully represented in the prior action [i.e., their interests were represented even if they were not a party in the prior suit].'" *United States ex rel. Conner v. Mahajan*, 877 F.3d 264, 270 (7th Cir. 2017) (alteration in original) (quoting *Dexia Credit Local v. Rogan*, 629 F.3d 612, 628 (7th Cir. 2010)).

First, Mr. Poff maintains that the "'issue' that [Mr. Shaker] was the 'person' who retaliated against Poff was fully litigated and cannot be re-litigated." [Filing No. 96 at 4.] Specifically, Mr. Poff points to the following "Finding of Fact" from Judge McKinney's Order following the damages hearing:

> On January 1, 2016, Shaker, acting on behalf of Quick Pick, told Poff that he was suspended from work effective Monday, January, 4, 2016, and that Shaker would let him know in one week whether or not Poff's employment would be terminated. Am. Compl. ¶ 7. Shaker specifically and expressly told Poff that the reason for the suspension was Poff's lawsuit against him and Quick Pick. *Id.* On Saturday, January 9, 2016, Shaker contacted Poff and told him that his employment was terminated. *Id.* ¶ 8. This is direct evidence of retaliation for filing this lawsuit. No evidence or testimony was presented at the hearing that contradicts this fact.

[Filing No. 57 at 3.]

Mr. Poff's argument falters on the second element of the issue preclusion analysis, as construed under federal law: "It is the general rule that issue preclusion attaches only 'when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment. In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated.'" *Arizona*, 530 U.S. at 414 (alteration omitted) (quoting Restatement (Second) of Judgments § 27, p. 250 (1982)); *see, e.g.*, *United States v. Bailey*, 957 F.2d 439, 443 (7th Cir. 1992) ("Collateral estoppel (or issue preclusion) is the

appropriate doctrine when different causes of action are involved, but collateral estoppel does not preclude a party from litigating an issue which was not actually litigated. When a motion is granted, as here, because of another party's default, the issue is not litigated."). Because the facts underlying Quick Pick's liability were determined by default, the issues were not "actually litigated" for purposes of issue preclusion.

Judge McKinney's finding, moreover, was made in the context of a damages hearing after default had already been entered against Quick Pick. "Upon default, the well-pled allegations of the complaint relating to liability are taken as true." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). Appropriately, then, Judge McKinney cited to Mr. Poff's Amended Complaint in his recitation of the facts. Quick Pick's liability, in other words, was not subject to dispute at the earlier hearing. But Mr. Shaker's liability has not heretofore been determined at a contested proceeding. Mr. Shaker has not been defaulted, so at the upcoming trial the Court may not take the allegations of Mr. Poff's pleadings as true. Whether Mr. Shaker retaliated against Mr. Poff for filing his FLSA lawsuit remains an issue that must be decided at trial.

Unlike the allegations of liability, which are taken as true upon default, "those relating to the amount of damages suffered ordinarily are not." *Id.* Mr. Poff was therefore required to "prove damages" at the earlier damages hearing. *Id.* At the damages hearing, both Mr. Shaker and Quick Pick appeared, by counsel, and were provided the opportunity to present evidence and argument in an adversarial proceeding. [Filing No. 54.] And critically, Mr. Poff seeks to hold Mr. Shaker and Quick Pick jointly and severally liable for the same alleged violations. All four elements of issue preclusion—the issue of damages is identical as between Mr. Shaker and Quick Pick, it was actually litigated in the damages hearing, it was essential to the decision and judgment against Quick Pick, and Mr. Shaker was fully represented and able to participate (personally and in his

7

role as Quick Pick's representative) in the hearing—are therefore met with respect to the hours Mr. Poff worked, the wages he was paid, and the damages Mr. Poff will be owed should Mr. Shaker be found liable for the same violations at the upcoming trial. These issues have been conclusively established, and will not be relitigated at the upcoming bench trial.

## III.
### CONCLUSION

For the foregoing reasons, the Court concludes that the remaining issue for the November 13, 2018 trial is Mr. Shaker's individual liability under the FLSA, IMWL, and IWPS. This includes Mr. Shaker's personal liability for any retaliation under the FLSA which was not at issue, and therefore not actually litigated, at the damages hearing. However, the issue of damages and the facts concerning Mr. Poff's hours worked and wages paid were conclusively established by the Court's earlier findings following the damages hearing during which Mr. Shaker participated by counsel, and will not be relitigated at the upcoming bench trial.

Date: 10/18/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution:**

QUICK PICK, LLC
3401 S US HWY 41
Suite J-30
Terre Haute, IN 47802

AHMED SHAKER
3336 N. Waverly Rd.
Lansing, MI 48906

Robert Peter Kondras, Jr.
HUNT HASSLER KONDRAS & MILLER LLP
kondras@huntlawfirm.net